

789

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-4585
Re: Would it be a violation of the
nepotism laws of the State of
Texas for a county judge to
employ a stenographer under
Article 3912e, who is a half
second cousin to one of the
county commissioners?

This is to acknowledge receipt of your letter requesting our opinion, from which we quote the following:

"Under Article 3912 e, section 13 (a),
R. C. S. the law reads as follows:

"'The Commissioners' Court may authorize
the employment of a stenographer by the County
Judge and pay for such services out of the general fund of the county to an amount not to
exceed Twelve Hundred ($1200.00) Dollars per
year.'

"QUESTION: Would it be a violation of
the nepotism laws of the State of Texas, for
a County Judge to employ a stenographer under
the above mentioned article, who is a half
second cousin to one of the County Commissioners?"

The nepotism statutes of this State are codified as
Articles 432 to 438 of the Penal Code. Article 432 reads as
follows:

"No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of
this State, or any officer or member of any

State, district, county, city, school district
or other municipal board, or judge of any
court, created by or under authority of any
general or special law of this State, or any
member of the Legislature, shall appoint, or
vote for, or confirm the appointment to any
office, position, clerkship, employment or
duty, of any person related within the second
degree by affinity or within the third degree
by consanguinity to the person so appointing
or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a
member, when the salary, fees, or compensation
of such appointee is to be paid for, directly
or indirectly, out of or from public funds
or fees of office of any kind or character
whatsoever."

The other articles referred to particularize certain
officers as coming within the provisions of the nepotism laws,
denounce evasion of nepotism by trading, prohibit approval of
illegal accounts, prescribe punishment for violation and enum-
erate certain exceptions. The quoted Article 432 is the only
one deemed pertinent to your inquiry.

From a reading of the applicable statute it is ob-
served that the offense consists of appointing, voting for or
confirming the appointment of a person related within the
prohibited degree of relationship. Article 3912e, section 5(a),
Vernon's Annotated Civil Statutes, quoted by you, allows the
Commissioners' Court to authorize the employment of a steno-
grapher by the county judge, but the Commissioners' Court has
no further jurisdiction in the matter. The authority to em-
ploy having been granted him, the county judge is clothed with
the privilege of employing a stenographer of his choice. The
Commissioners' Court need not be apprised of or advised the
name of the person whom the county judge desires to appoint.

It is, therefore, the opinion of this department
that it will not be a violation of the nepotism statutes for
the county judge to employ a stenographer who is a relative
of one of the county commissioners.

APPROVED JUN 23, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN